# UNITED STATES BANKRUPTCY COURT
### WESTERN DISTRICT OF TEXAS
### EL PASO DIVISION

In re: MARIO GILBERTO TOVAR        Case No.: 16-31932-HCM

Debtor(s)

## CHAPTER 13 STANDING TRUSTEE'S FINAL REPORT AND ACCOUNT

Stuart C. Cox, chapter 13 trustee, submits the following Final Report and Account of the administration of the estate pursuant to 11 U.S.C. Section 1302(b)(1). The trustee declares as follows:

1) The case was filed on 12/01/2016.
2) The plan was confirmed on 02/17/2017.
3) The plan was modified by order after confirmation pursuant to 11 U.S.C Section 1329 on NA.
4) The trustee filed action to remedy default by the debtor in performance under the plan on 03/29/2019.
5) The case was dismissed on 03/29/2019.
6) Number of months from filing or conversion to last payment: 28.
7) Number of months case was pending: 32.
8) Total value of assets abandoned by court order: NA.
9) Total value of assets exempted: 27,613.87.
10) Amount of unsecured claims discharged without full payment: .00.
11) All checks distributed by the trustee relating to this case have cleared the bank.

**Receipts:**
| | |
|---|---:|
| Total paid by or on behalf of the debtor: | $22,225.00 |
| Less amount refunded to debtor: | $3,600.00 |
| **NET RECEIPTS:** | $18,625.00 |

**Expenses of Administration:**
| | |
|---|---:|
| Attorney's Fees Paid Through The Plan: | $3,600.00 |
| Court Costs: | $.00 |
| Trustee Expenses and Compensation: | $1,361.92 |
| Other: | $.00 |
| **TOTAL EXPENSES OF ADMINISTRATION:** | $4,961.92 |
| Attorney fees paid and disclosed by debtor: | $.00 |

**Scheduled Creditors:**

| Creditor Name | Class | Claim Scheduled | Claim Asserted | Claim Allowed | Principal Paid | Interest Paid |
|---|---|---:|---:|---:|---:|---:|
| ARMY & AIR FORCE EXCHANGE SERVIC | Unsecured | 1,934.00 | 2,363.36 | 2,363.36 | .00 | .00 |
| INTERNAL REVENUE SERVICE | Priority | NA | 1,979.04 | 1,979.04 | 780.32 | .00 |
| JUAN ORTIZ JR. | Unsecured | NA | NA | NA | .00 | .00 |
| NAVY FEDERAL CREDIT UNION | Secured | 30,198.00 | 29,774.03 | 29,774.03 | 9,987.00 | 2,895.76 |
| NAVY FEDERAL CREDIT UNION | Secured | 7,894.00 | 7,743.00 | 7,743.00 | .00 | .00 |
| NAVY FEDERAL CREDIT UNION | Secured | 85,788.00 | 84,443.36 | 84,443.36 | .00 | .00 |
| NAVY FEDERAL CREDIT UNION | Unsecured | 7,328.00 | 7,124.53 | 7,124.53 | .00 | .00 |
| NAVY FEDERAL CREDIT UNION | Unsecured | 1,411.00 | 1,619.41 | 1,619.41 | .00 | .00 |
| NAVY FEDERAL CREDIT UNION | Unsecured | 6,100.00 | 6,100.13 | 6,100.13 | .00 | .00 |
| NISSAN MOTOR ACCEPTANCE CORP. | Unsecured | 11,576.00 | 7,163.84 | .00 | .00 | .00 |
| TAX ASSESSOR | Unsecured | NA | NA | NA | .00 | .00 |
| TAX ASSESSOR-COLLECTOR | Priority | 1,904.13 | NA | NA | .00 | .00 |

# UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

In re: MARIO GILBERTO TOVAR     Case No.: 16-31932-HCM

Debtor(s)

## CHAPTER 13 STANDING TRUSTEE'S FINAL REPORT AND ACCOUNT

**Scheduled Creditors:**

| Creditor Name | Class | Claim Scheduled | Claim Asserted | Claim Allowed | Principal Paid | Interest Paid |
|---|---|---|---|---|---|---|
| USAA FEDERAL SAVINGS BANK | Unsecured | 6,000.00 | 6,218.61 | 6,218.61 | .00 | .00 |

**Summary of Disbursements to Creditors:**

| | Claim Allowed | Principal Paid | Interest Paid |
|---|---|---|---|
| **Secured Payments:** | | | |
| Mortgage Ongoing: | 84,443.36 | .00 | .00 |
| Mortgage Arrearage: | .00 | .00 | .00 |
| Debt Secured by Vehicle: | 29,774.03 | 9,987.00 | 2,895.76 |
| All Other Secured: | 7,743.00 | .00 | .00 |
| **TOTAL SECURED:** | 121,960.39 | 9,987.00 | 2,895.76 |
| **Priority Unsecured Payments:** | | | |
| Domestic Support Arrearage: | .00 | .00 | .00 |
| Domestic Support Ongoing: | .00 | .00 | .00 |
| All Other Priority: | 1,979.04 | 780.32 | .00 |
| **TOTAL PRIORITY:** | 1,979.04 | 780.32 | .00 |
| **GENERAL UNSECURED PAYMENTS:** | 23,426.04 | .00 | .00 |

**Disbursements:**

| | |
|---|---|
| Expenses of Administration: | $4,961.92 |
| Disbursements to Creditors: | $13,663.08 |
| **TOTAL DISBURSEMENTS:** | $18,625.00 |

12) The trustee certifies that, pursuant to Federal Rule of Bankruptcy Procedure 5009, the estate has been fully administered, the foregoing summary is true and complete, and all administrative matters for which the trustee is responsible have been completed. The trustee requests a final decree be entered that discharges the trustee and grants such other relief as may be just and proper.

Date: 08/19/2019     By: /s/Stuart C. Cox
                                                Trustee

STATEMENT: This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. Section 1320.4(a)(2) applies.